UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 14, 2018

Pamela Chavis
5108 Cordeliar Avenue
Baltimore, MD 21215

Cassia Weiner Parson, Esq.
Social Security Administration
6401 Security Boulevard Room 617
Baltimore, MD 21235

      RE: *Pamela Chavis v. Commissioner, Social Security Administration*;[1]
           Civil No. SAG-17-983

Dear Ms. Chavis and Counsel:

      On April 10, 2017, Plaintiff Pamela Chavis, who now appears *pro se* following the withdrawal of her counsel, petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. [ECF No. 1]. I have considered Ms. Chavis's one-page Motion for Summary Judgment and the SSA's Motion for Summary Judgment, in addition to arguments made by Ms. Chavis's prior attorney during and following her administrative hearing.[2] [ECF Nos. 22, 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Chavis's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Ms. Chavis filed a claim for benefits on October 25, 2012, alleging a disability onset date of March 1, 2012. (Tr. 204-10). Her claim was denied initially and on reconsideration. (Tr. 141-44, 150-51). A hearing, at which Ms. Chavis was represented by counsel, was held on September 3, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 55-96). Following that

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] After the SSA filed its motion, the Clerk's Office sent a Rule 12/56 letter to Ms. Chavis, advising her of the potential consequences of failing to oppose the dispositive motion. [ECF No. 24]. Ms. Chavis did not file a response.

hearing, the ALJ determined that Ms. Chavis was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 23-54). The Appeals Council denied Ms. Chavis's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Chavis suffered from the severe impairments of "affective disorder, anxiety, obesity, hypertension, and polysubstance dependence." (Tr. 28). Despite these impairments, the ALJ determined that Ms. Chavis retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except she can have only occasional contact with the public, co-workers, and supervisors. Work would need to be routine, rote, and unskilled. She would be able to be productive on a sustained basis provided she is allowed the normal two 15–minute breaks and a 30-minute lunch break during her work shift.

(Tr. 32). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Chavis could perform her past relevant work as a dietary aide, and, alternatively, could perform other jobs existing in significant numbers in the national economy. (Tr. 47-48). Accordingly, the ALJ concluded that Ms. Chavis was not disabled. (Tr. 48).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Chavis's favor at step one, and determined that she had not engaged in substantial gainful activity between the application date and the date of the opinion. (Tr. 28); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Chavis claimed prevented her from working. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The ALJ determined that Ms. Chavis's complaints of lead poisoning, blurry vision, and hair loss were not substantiated by medical evidence or explained by any existing diagnosis, and that her hepatomegaly, scoliosis, Hepatitis C, gastroesophageal reflux disease, and impaired fasting glucose were medically determinable, but non-severe. (Tr. 28-29). However, after finding several of Ms. Chavis's other impairments to be severe, *id.*, the ALJ continued with the sequential evaluation and considered, in assessing Ms. Chavis's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Chavis's impairments did not meet or medically equal the criteria of any listings. (Tr. 29-32). In particular, the ALJ identified and

considered Listings 4.04 (ischemic heart disease), 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.09 (substance addiction disorders). With respect to each of those listings, the ALJ determined and explained that at least one criterion for each listing was not met. *Id.* I have carefully reviewed the record, and I agree that no listings are met in this case.

In considering Ms. Chavis's RFC, the ALJ summarized her subjective complaints from her hearing testimony as part of an extensive and detailed review of her medical records. (Tr. 35-41). The ALJ noted, among other findings, that Ms. Chavis's activities of daily living are inconsistent with a disabling level of impairments, (Tr. 35), that medical professionals had opined that her symptoms would improve both with abstention from substance abuse and with compliance with medications, (Tr. 39-40), and that Ms. Chavis had not been forthcoming about her work record and her incarceration history, (Tr. 40-41). The ALJ then provided an extensive analysis of the medical opinion evidence from treating, examining, and non-examining medical sources, and assigned "great weight" or "significant weight" to some or all of ten different source opinions. (Tr. 44).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Chavis's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and the evidence outlined above, I find that the ALJ supported her conclusion with substantial evidence.

Next, relying on the VE's testimony, the ALJ determined that a person with Ms. Chavis's RFC would be capable of performing her past relevant work as a dietary aide. (Tr. 47, 91). Alternatively, in accordance with the VE's testimony, the ALJ determined that a person with Ms. Chavis's RFC could perform other jobs existing in significant numbers in the national economy, including hospital cleaner, used car lot porter, or janitor/industrial cleaner. (Tr. 48, 91). Because the VE testimony constitutes substantial evidence to support the conclusion, the ALJ's determination must be affirmed.

Although Ms. Chavis filed a document serving as a Motion for Summary Judgment, it did not contain any substantive arguments in support of her claim. [ECF No. 22]. The record contained a letter Ms. Chavis's prior counsel sent to the Appeals Council, asserting three challenges to the ALJ's opinion: (1) that the ALJ's opinion runs afoul of *Mascio v. Colvin,* 780 F.3d 632 (4th Cir. 2015); (2) that the ALJ's opinion used an outdated credibility standard; and (3) that, because of the length of time between Ms. Chavis's request for hearing and the disposition of her claim by the ALJ, the ALJ should not have relied on the opinions of the non-examining State agency physicians. (Tr. 354). I have considered the arguments set forth in that letter, but find that each argument lacks merit. First, the ALJ's opinion is distinguishable from *Mascio,* because the ALJ addressed, both in the RFC assessment itself and in the extensive analysis supporting the RFC assessment, Ms. Chavis's ability to concentrate and to sustain work

throughout an eight-hour workday. *See, e.g.*, (Tr. 32) ("She would be able to be productive on a sustained basis provided she is allowed the normal two 15-minute breaks and a 30-minute lunch break during her work shift."); (Tr. 38) ("The claimant testified that her concentration had been about the same since childhood. . . . The fact that her concentration problems did not prevent her from working at the level of substantial gainful activity the year before the application date strongly suggests that her concentration problems would not have prevented her from working after the application date."). Second, while the ALJ's opinion uses the term "credibility" on several occasions, the use of that term does not automatically invalidate the analysis provided by the ALJ. SSR 16-3p provides that the Agency was "eliminating the use of the term "credibility" from our sub-regulatory policy," but it does not bar an ALJ from using the word in an opinion. SSR 16-3P, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). SSR 16-3 "instruct[s] our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms." *Id.* The ALJ did exactly that here, and assessed in great detail all of the evidence in Ms. Chavis's record to evaluate the intensity and persistence of her symptoms. Accordingly, the ALJ's use of the word "credibility" does not indicate that the ALJ applied incorrect legal standards. Finally, while Ms. Chavis is correct that the non-examining State agency physicians issued their reports several years before the ALJ's 2016 opinion, the ALJ did not rely on those opinions alone to assess Ms. Chavis's RFC. Instead, the ALJ also relied upon opinions by examining consultative physicians and several of Ms. Chavis's treating physicians in formulating the RFC assessment. Moreover, the ALJ provided an extremely detailed discussion of her evaluation of all of the opinion evidence in Ms. Chavis's record. The arguments raised by Ms. Chavis's prior counsel, then, do not provide grounds for remand.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, [ECF No. 22] is DENIED and Defendant's Motion for Summary Judgment, [ECF No. 23], is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge